DA 08-0149

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 58

_____

STATE OF MONTANA,

      Plaintiff and Appellant,                 O P I N I O N

v.                                       and

WILLIAM BRUCE ELLIS, JR.,              O R D E R

      Defendant and Appellee.

_____

¶1     William Bruce Ellis, Jr. (Ellis) has filed a motion to disqualify the Honorable Mike McGrath from presiding over and participating in the above-described proceeding. Ellis notes that the appeal in this matter was initiated by the State of Montana while Chief Justice McGrath was still serving as the Montana Attorney General.

¶2     Rule 2.12(A)(5) of the Code of Judicial Conduct addresses the situations under which a Judge should disqualify himself/herself. The Rule provides:

> (A) A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to the following circumstances:
>
> .  .  .
>
>    (5) The judge:
>
> .  .  .
>
>      (b) served in governmental employment, and in such capacity participated personally and substantially as a lawyer or public official concerning the proceeding, or has publicly expressed in such capacity an opinion concerning the merits of the particular matter in controversy[.]

¶3     Under the above Rule, Chief Justice McGrath, having previously served as the Attorney General, is only required to disqualify himself from cases in which he, as Attorney

1

General, participated personally and substantially or in which he expressed an opinion concerning the merits of the matter in controversy.

¶4     The vast majority of criminal appeals that come before this Court are initiated by defendants. The fact that Chief Justice McGrath's name appears on the State's answer brief as the Attorney General, does not itself serve to trigger a disqualification of Chief Justice McGrath. Rather, he must, on a case-by-case basis, determine whether he, personally and substantially, participated in the case in question.

¶5     The Ellis case presently before us presents a different issue in that the State of Montana, rather than the defendant, initiated the appeal. As Attorney General, McGrath oversaw and approved the filing of all criminal appeals by the State of Montana. We conclude that this oversight and approval constitutes "personal and substantial participation" under Rule 2.12(A)(5)(b) of the Code of Judicial Conduct.

¶6     Although Chief Justice McGrath, for the above-stated reasons, has already agreed to disqualify himself in this matter, we deem it appropriate to issue a published order to clarify the application of Rule 2.12(A)(5)(b) in future criminal appeals.

¶7     Accordingly,

¶8     IT IS HEREBY ORDERED that in cases such as the present appeal, in which then-Attorney General McGrath approved the filing of an appeal by the State of Montana in a criminal case, Chief Justice McGrath shall disqualify himself from participation in the appeal.

¶9     IT IS FURTHER ORDERED that the Clerk is directed to mail a true copy hereof to all counsel of record.

¶10     IT IS FURTHER ORDERED that a copy of this Order be electronically published on

2

the State Bar of Montana website, http://www.montanabar.org, and on the website for the Judicial Branch, http://www.courts.mt.gov, and that notice of this Order be published in the next available issue of *The Montana Lawyer*.

¶11    IT IS FURTHER ORDERED that notice of this Order be provided to the Executive Director of the State Bar of Montana, the editor of *The Montana Lawyer*, the State Law Librarian, the Clerks of the District Court with the request that they provide copies to all District Court Judges in their county.

Dated this 25th day of February, 2009.

/S/ MIKE McGRATH
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ JIM RICE
/S/ BRIAN MORRIS